IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOYCE SHORT,

    **Plaintiff,**

v.            No. CIV 04-789 MV/RLP

ETHICON ENDO-SURGERY, INC.,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Plaintiff Joyce Short's Motion to Amend Complaint, filed August 24, 2004. [Doc. No. 7.] Defendant filed a response opposing the motion on August 30, 2004 [Doc. No. 9], and there was no reply. The motion is fully briefed and ready for resolution. After careful consideration of the pertinent law and pleadings, the Court[1] determines that the motion to amend should be granted.

### Background and Motion to Amend

On July 13, 2004, Defendant removed this employment discrimination case from the Second Judicial District Court. [Doc. No. 1.] On July 16, 2004, Defendant answered Plaintiff Short's

---

[1] Magistrate judges are empowered to rule on non-dispositive motions. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A motion to amend a complaint is usually considered non-dispositive and one which may be decided by a magistrate judge. Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993); Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2d Cir. 1999). *But see* First Union Mortgage Corp. v. Smith, 229 F.3d 992 (10th Cir. 2000) (holding that remand order was a dispositive order).

1

Complaint.  On August 24, 2004, Plaintiff Short filed this Motion to Amend Complaint, seeking to add Cathy Joiner as another Plaintiff.  [Doc. No. 7, proposed amended complaint attached.]

Plaintiff Short states that proposed Plaintiff Joiner's allegations involve "much the same claims against this Defendant."  In addition, both Short and Joiner will be witnesses to each other's claims.  This case is at its beginning and no discovery had commenced as of the date the motion to amend was filed.  Plaintiff argues that the amendment will permit this matter to proceed more efficiently and to be more cost-effective to all parties.

Although the motion to amend was filed after Defendant filed its Answer, the motion was filed five days before the Initial Scheduling Conference was held (excluding weekends).  The Initial Scheduling Order requires that a motion to amend parties be filed at least five days before the Conference is held.  In addition, the parties' Provisional Discovery Plan [Doc. No. 8] requests that Plaintiff be allowed until November 1, 2004 to add additional parties.  The Initial Pre-Trial Report in this matter has not yet been filed.

Defendant opposes the motion to amend, arguing that joinder of the proposed plaintiff is improper under Rule 20(a) of the Federal Rules of Civil Procedure.

**Pertinent Legal Standards**

**I.     Rule 15**

Rule 15(a) applies to proposed amendments of parties after a responsive pleading has been filed.  That rule provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party; "and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  In deciding whether to grant a motion to amend the complaint, a court should consider several factors, including "whether the amendment will result in undue prejudice, whether

the request was unduly and inexplicably delayed, was offered in good faith, or that the party had sufficient opportunity to state a claim and failed." State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405, 416 (10th Cir. 1984).

The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent a finding of an abuse of discretion. Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991).  "Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend." Waddell & Reed Financial, Inc.v. Torchmark Corp., ___ F.R.D. ___, 2004 WL 1877744 at *56 (D. Kan. Aug. 20, 2004) (*citing* Lange v. Cigna Individual Fin. Servs. Co., 759 F. Supp. 764, 769 (D. Kan. 1991)).

**II.**     **Rule 20**

In addition, amendments that seek to add parties require consideration of Fed. R. Civ. P. 20, governing permissive joinder.  Rule 20(a) provides in part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Fed. R. Civ. P. 20(a).

While Rule 20 also must be considered in this case, courts have reasoned that "[o]nce a responsive pleading has been served, . . ., the standard for adding a party is the same regardless of the rule under which the motion is made:  the decision lies within the discretion of the court." Wiggins v. Dist. Cablevision, Inc., 853 F. Supp. 484, 499 n. 29 (D.D.C. 1994 (Lamberth, J.) (standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21);

3

Oneida Indian Nation v. County of Oneida, NY, 199 F.R.D. 61, 72 (N.D.N.Y. 2000) ("in practical terms there is little difference between [Rules 15, 20 and 21] in that they all leave the decision whether to permit or deny amendment to the district court's discretion").

With respect to Rule 20, courts have interpreted the phrase "same transaction or occurrence" to include all "logically related claims by or against different parties to be tried in a single proceeding." Blesedell v. Mobil Oil Co., 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989) (internal citation omitted). This interpretation is consistent with the fact that Rule 20(a) is designed to encourage joinder so long as the joinder would be consistent with fairness to the parties. United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966). *See also* Lasa Per L'Industria Del Marmo Soc. Per Azioni v. Alexander, 414 F.2d 143, 147 (6th Cir. 1969) (intent of the rule is that all issues be resolved in one action, with all parties before one court); State of Ohio v. Louis Trauth Dairy, Inc., 856 F. Supp. 1229, 1239-40 (S.D. Ohio 1994) (joinder promotes judicial economy, trial convenience and expedites the final determination of the disputes).

**Analysis**

Here, there is no question under Rule 15 that amendment should be freely given particularly in this case where no discovery has taken place and the case is in its early stages. Defendant has not provided any evidence or argument that the proposed amendment would result in undue prejudice, that the request was unduly and inexplicably delayed, not offered in good faith, or that Plaintiff had sufficient opportunity to state a claim and failed.

Defendant argues instead that Plaintiff fails to meet the two requirements for proper joinder under Rule 20(a): (1) right to relief arising out of the same transaction, occurrence or series of

4

transactions or occurrence; and (2) questions of law or fact common to all of the plaintiffs which will arise in the action.

The proposed amended complaint alleges that Plaintiff Short was discharged by Defendant on January 21, 2004, and that proposed Plaintiff Joiner was discharged by the same Defendant several weeks later. The two women allege that both were victims of discrimination due to medical conditions and disability, in violation of the Americans with Disabilities Act and the New Mexico Human Rights Act. [Proposed Complaint, attached to Motion to Amend.]

At this stage of the proceeding, the Court determines that the two womens' similar allegations against the same Defendant and claims brought under the identical statutes are sufficient to make a single trial desirable for the administration of their claims. Defendant has not provided any argument to the contrary, including such assertions that the two women worked at different facilities, during different time frames, in different departments or under different supervisors.

In addition, the proposed complaint satisfies the second joinder requirement that common questions of law and fact exist. This is true based on the allegations of disability discrimination against both women at or near the same time by the same Defendant. Moreover, Defendant simply fails to provide any compelling reason why the two cases should proceed separately.[2]

Notwithstanding the Court's decision, Defendant is free, at a later stage of the proceeding, to move for severance under Rule 20(b), if it is discovered that the two plaintiff's factual scenarios are not sufficiently similar to make a single trial desirable and/or to avoid prejudice. At this stage of

---

[2]The Court does not find Defendant's reliance on Grayson v. K-Mart Corp., 849 F. Supp. 785, 789 (N.D. Ga. 1994) to be persuasive. That case was decided at the summary judgment stage, and facts had been revealed showing that the plaintiffs worked at different stores and that the employment-related decisions at issue were made by different supervisors. Thus, while the plaintiffs' factual scenarios in that case may have been disparate, there is no evidence here that these Plaintiffs' claims have little relationship to each other.

the proceedings, however, and in accordance with the premise that amendment and joinder are generally favored, the Court will grant the motion to amend.

IT IS THEREFORE ORDERED that:

(1)  Plaintiff Joyce Short's Motion to Amend Complaint [Doc. No. 7] is GRANTED; and

(2)  that the proposed Amended Complaint attached to Plaintiff's motion be filed with the Court no later than ten days after entry of this Order.

                                                  Richard L. Puglisi
                                          United States Magistrate Judge